JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 20-2517-MWF (SKx)                **Date:**  July 17, 2020
**Title:**     Michael Rustom v. FCA US LLC, et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [11]

Before the Court is Plaintiff Michael Rustom's Motion to Remand (the "Motion"), filed on April 13, 2020. (Docket No. 12). On April 27, 2020, Defendants FCA US LLC ("FCA") and San Fernando Motor Company DBA Rydell Chrysler Dodge Jeep Ram ("Rydell") filed a Notice of Non-Opposition. (Docket No. 12).

The Motion was noticed to be heard on May 18, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing was further supported by the Continuity of Operations Plan arising from the COVID-19 emergency. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. Defendants' lack of opposition is grounds for granting the Motion. *See* L.R. 7-12; *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (plaintiff who failed to address issues raised in a defendant's motion to dismiss in his opposition brief "has effectively abandoned his claim, and cannot raise it on appeal").

The Court also determines that the Motion should be granted on the merits because complete diversity does not exist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-2517-MWF (SKx)          **Date:** July 17, 2020
**Title:** Michael Rustom v. FCA US LLC, et al.

     Plaintiff filed the original complaint in the Los Angeles County Superior Court on February 5, 2020. (Docket No. 1-3). FCA removed the action based on diversity jurisdiction on March 16, 2020. (Notice of Removal ("NoR") (Docket No. 1)).

     Plaintiff appears to be a resident and citizen of California. (*See* Complaint ¶ 2; NoR ¶ 27). Defendant Rydell is also a citizen of California. (*See* Complaint ¶ 5; NoR ¶ 30). Therefore, on the face of the complaint, complete diversity seems lacking. Nonetheless, FCA argues that complete diversity exists because Rydell was fraudulently joined and should be disregarded in the Court's analysis. (NoR ¶¶ 30-32).

     An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

     Because a defendant faces a heavy burden in establishing that remand is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-2517-MWF (SKx)                    Date:  July 17, 2020
Title:    Michael Rustom v. FCA US LLC, et al.

defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Here, Plaintiff alleges only one claim against Rydell:  negligent repair. (Complaint ¶¶ 58-62).  In the Notice of Removal, FCA argues that this claim is non-justiciable because the claim is not sufficiently alleged.  (NoR ¶¶ 30-32).  This argument is not persuasive.

Specifically, Defendants have not established that there is absolutely no possibility that Plaintiff can establish a cause of action against Rydell.  In the Notice of Removal, FCA argues that Plaintiff's allegations regarding Rydell are "bare-boned" and "non-specific."  (NoR ¶ 31).  However, Plaintiff may amend the complaint to add additional allegations.  *See Avellanet v. FCA US LLC*, No. CV 19-7621-JFW (KSx), 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.  Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.") (internal quotation marks and citation omitted).  This determination is supported by Defendants' failure to oppose the Motion.

Accordingly, the Motion is **GRANTED**.  The Court **REMANDS** this action to the Los Angeles County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.